IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MICHAEL JEFFREY ANDERSON,<br><br>Petitioner,<br><br>vs.<br><br>JAMES BRILZ, et al.,<br><br>Respondents. | Cause No. CV 13-84-BLG-SEH-CSO<br><br>FINDINGS AND<br>RECOMMENDATION OF U.S.<br>MAGISTRATE JUDGE |

On June 17, 2013, Petitioner Michael Anderson applied for a writ of habeas corpus under 28 U.S.C. § 2254. Anderson is a state prisoner proceeding pro se.

**I. Background**

Anderson challenges convictions he incurred in Montana's Eighteenth Judicial District Court for felony assault with a weapon, misdemeanor assault, and partner or family member assault. On January 22, 2009, he was sentenced to serve ten years in prison, with five suspended. Pet. (Doc. 1) at 2-3 ¶¶ 1-4. He contends that his attorneys violated his Sixth and Fourteenth Amendment rights to the effective assistance of trial counsel because counsel did not seek to change venue and did not request a continuance based on Anderson's taking pain medication during the three days of trial. He also claims the prosecutor failed to disclose exculpatory evidence of the violent histories of the two victims of the crime. *Id.* at 4-5 ¶¶ 13A-B.

Anderson did not raise these claims on direct review. *See* Appellant Br., *passim*, *State v. Anderson*, No. DA 09-0160 (Mont. Oct. 9, 2009), *available at* http://supremecourtdocket.mt.gov (accessed June 19, 2013).[1] He raised them in postconviction proceedings, *see* Postconviction Aff. at 1 (Doc. 1-2 at 6), but the trial court dismissed his postconviction petition as untimely, and the Montana Supreme Court affirmed its dismissal, *see* Order at 3 ¶ 6, *Anderson v. State*, No. DA 12-0109 (Mont. July 18, 2012). Anderson filed his federal petition on June 17, 2013. Pet. at 1.

On June 20, 2013, Anderson was ordered to show cause why his federal petition should not be dismissed with prejudice as time-barred or as procedurally barred. He responded on August 23, 2013.

Based on his response, the Court found the facts Anderson alleged "might suffice to . . . equitably toll the federal limitations period," in particular because "it is not clear when (or even whether) the trial court entered an amended judgment following remand on direct review." Order (Doc. 8) at 2. The Court ordered Respondents ("the State") to file an Answer. *Id.* at 2-3 ¶ 2.

The State complied on April 30, 2014. Among other exhibits, as well as

---

[1] A court may take judicial notice of a state court's records that are directly related to a federal habeas petition, *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011), and "not subject to reasonable dispute," Fed. R. Evid. 201(b). All cited documents that were filed in the Montana Supreme Court are available on its website.

thorough briefing of the merits, the State submitted the amended judgment entered by the trial court after Anderson's case was remanded from the Montana Supreme Court on direct appeal. *See* Am. Sentencing Order (Doc. 50) at 1-10. That document clarifies the time bar.

## II. Time Bar

### A. Application of Limitations Period

Anderson's federal petition for writ of habeas corpus had to be filed within one year of the date his conviction became final. 28 U.S.C. § 2244(d)(1)(A). On direct review, the Montana Supreme Court affirmed Anderson's conviction in part and remanded for one condition of probation to be stricken. Order at 2 ¶ 2, 3-4 ¶ 7, *State v. Anderson*, No. DA 09-0160 (Mont. Feb. 2, 2010), *available at* http://supremecourtdocket.mt.gov.

The trial court entered an amended sentencing order on March 25, 2010. Anderson did not appeal. His conviction became final sixty days after entry of the amended judgment, that is, on May 24, 2010. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012); Mont. R. App. P. 4(5)(b)(i).

Absent other tolling or excuse, Anderson's petition should have been filed on or before May 24, 2011. But it was not filed until June 17, 2013, more than two years later.

**B. Statutory Tolling**

Federal time is tolled by statute while "a properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2). Statutory tolling does not apply, however, if the state petition is ultimately dismissed as untimely. "When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (brackets and quotation marks omitted).

On July 18, 2012, the Montana Supreme Court affirmed the trial court's dismissal of Anderson's postconviction petition as untimely and unverified. Pet. at 4 ¶ 10; *Anderson v. State*, No. DA 12-0109 (Mont. July 18, 2012), *available at* http://supremecourtdocket.mt.gov (accessed June 19, 2013). The time the postconviction petition was pending in state court, therefore, counts against Anderson's time for filing his federal petition. *Pace*, 544 U.S. at 414.

Anderson's federal petition was already untimely when he filed his state postconviction petition, which was itself dismissed as untimely. Anderson is not entitled to statutory tolling under § 2244(d)(2), nor would statutory tolling make his federal petition timely.

**C. Equitable Tolling**

Anderson was given an opportunity to show why he is entitled to equitable

4

tolling. *See* Order to Pet'r to Show Cause (Doc. 3) at 4. He was advised that he must show both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented him from filing on time. *Holland v. Florida*, 560 U.S. 631, 649 (2010); Order to Show Cause at 4 ¶ 2.

Anderson responded with a one-page document, to which he attached "all correspondence in reference to his appeal and also postconviction relief." Resp. to Order (Doc. 7). The attached exhibits do demonstrate some difficulties he encountered in his attempts to file in *state* court. See Resp. to Order Exs. (Doc. 7-1) at 1-6, 24-35. But those difficulties did not cause him to fail to file his *federal* petition on time. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005), *amended by* 447 F.3d 1165 (9th Cir. 2006). Anderson's federal petition was already untimely when he filed his state postconviction petition in the trial court in June 2011.[2]

Even after his difficulties in state court were brought to a close by the termination of his postconviction appeal, Anderson waited 334 more days to file his federal petition. He has not shown that he was pursuing his rights diligently. *White v.*

---

[2] Anderson submitted a state postconviction petition in April 2011, but it was not filed because he did not pay the filing fee or move to proceed in forma pauperis. Letter to Anderson from Clerk (Doc. 7-1 at 1); Mont. Code Ann. §§ 25-1-201(1)(a), -202, -10-403, -404(7); *Nava v. State*, 255 P.3d 53, 54-55 (Mont. 2011).

*Martel*, 601 F.3d 882, 884-85 (9th Cir. 2010) (per curiam); *Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir. 2003).

Anderson also states that "to this date [he] has still not received trial transcripts from the [S]tate of Montana." Resp. to Order (Doc. 7) at 1. But there is no reason to believe that his lack of trial transcripts prevented him from timely filing in this Court. Again, no factual allegations support a causal link between Anderson's statement that he did not have the trial transcripts and his failure to file his federal petition on time. *Gaston*, 417 F.3d at 1034-35.

The facts alleged by Anderson, even if true, do not support equitable tolling. The federal petition should be dismissed with prejudice as time-barred.[3]

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

---

[3] Anderson was also ordered to show cause why his claims were not procedurally barred. The Court makes no ruling on procedural bar.

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Anderson's claims do not appear to be substantial. The case involved conflicting testimony, resolved by a jury, as to Anderson's role in a fight outside a coffee shop. Anderson claims counsel was ineffective for failing to request a continuance on the grounds that Anderson was taking pain medications. Pet. at 4 ¶ 13A; Mem. (Doc. 1-2) at 1. But everyone was aware of the fact. Anderson was asked whether he was able to proceed on the first day. He said he was. 1 Trial Tr. (Doc. 14-53) at 5:2-6:20. On the third day, at a break, the court and the parties addressed scheduling, including lunch. Counsel and the trial court again both recognized that Anderson needed to eat. Anderson indicated that "granola bars and stuff like that" would be "pretty good." 3 Trial Tr. (Doc. 14-55) at 720:4-721:2, 815:9-21. The transcript of Anderson's testimony refutes his claims that he "was fighting to stay conscious and had a severe absence of concentration and recall," was "not able to put things into proper context," and was in "a disadvantaged, incapacitated state." Mem. at 1-2. *See* 3 Trial Tr. at 820:15-889:9.

Anderson also contends that counsel should have called the defense investigator as a witness. Mem. at 2. Trial counsel stated on the record that the investigator did not have much to offer. 3 Trial Tr. at 817:10-21.

Anderson's claim regarding a change of venue (or perhaps he means substitution of the trial judge under state law) does not give rise to an inference that a change of venue or substitution was so necessary no reasonable lawyer could have declined to move for it. Pet. at 4 ¶ 13A; Mem. at 2.

There is no indication Anderson knew either of the two men he fought and stabbed, so his claim he should have been able to show the jury evidence of their history of or capacity for violence, Pet. at 5 ¶ 13B, is unlikely to have merit. The State did not suppress relevant evidence. Anderson says the two men with whom he fought "discussed before confronting me" and said "they did not handle confrontations well." *Id.* Those facts were, in essence, aired at trial. *E.g.*, 3 Trial Tr. at 520:10-521:8, 523:1-9, 554:16-25, 580:21-581:6.

Because Anderson's claims do not appear to be substantial, and because the procedural ruling is not reasonably subject to dispute, a COA is not warranted.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. The Petition (Doc. 1) should be DISMISSED WITH PREJUDICE as

time-barred.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Anderson may object to this Findings and Recommendation within 14 days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Anderson must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 18th day of August, 2014.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge

---

[4] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.